BZ

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DAVIS, BRENDA and
ROY, DAVID

### DEFENDANTS
STATE OF CALIFORNIA, DEPT. OF CORRECTIONS & REHABIL.;
DAVID MANDEL, Ph.D.; DAVID ARCHAMBAULT, Ph.D.; et al.
**SEE ATTACHMENT**

(b) County of Residence of First Listed Plaintiff  DEL NORTE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  DEL NORTE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Abraham N. Goldman & Associates, Ltd./Abraham N. Goldman, Esq.
P.O. Box 120 / 12896 Rices Crossing Road
Oregon House, California 95962-0120  Tel: (530) 692-2267

Attorneys (If Known)

Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | | |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | or Defendant) | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party | Under Equal Access to Justice |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | 26 USC 7609 | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities – Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII, 42 U.S.C. Section 2000(c); 42 U.S.C. Section 1983

Brief description of cause:
Sexual discrimination, harassment, retaliation and whistle blower

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ excess $1,000,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE": Plata v. Schwarzenegger, No.C-01-1351 TEH; Madrid v. Woodford, No. C90-3094 TEH

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: September 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

# ATTACHMENT TO *JS 44 CIVIL COVER SHEET*

**Plaintiffs:** DAVIS, BRENDA and
ROY, DAVID

**Defendants:** STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID MANDEL, Ph.D.; DAVID ARCHAMBAULT, Ph.D.; TIMOTHY McCARTHY, Ph.D.; JOANN VAN VALKENBURGH; MAUREEN McLEAN AND DOES 1-100, AND EACH OF THEM, INCLUSIVE

Abraham N. Goldman, SBN 102080
David Springfield, SBN 226630
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
Post Office Box 120 / 12896 Rices Crossing Road
Oregon House, CA  95962-0120
Tel.:      (530) 692-2267
Fax:      (530) 692-2543
E-mail:  agoldman@succeed.net    davids@succeed.net

Attorneys for Plaintiffs
BRENDA DAVIS and
DAVID ROY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DAVIS and DAVID ROY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID MANDEL, Pd.D.; DAVID ARCHAMBAULT, Ph.D.; TIMOTHY McCARTHY, Ph.D.; JOANN VAN VALKENBURGH; MAUREEN Mc LEAN AND DOES 1-100 AND EACH OF THEM, INCLUSIVE,<br><br>Defendants. | Case No. C 08 4481 BZ<br><br>COMPLAINT FOR 1) SEXUAL DISCRIMINATION, SEXUAL HARASSMENT AND RETALIATION UNDER TITLE VII; 2) SEXUAL DISCRIMINATION, HARASSMENT AND RETALIATION UNDER CALIFORNIA FEHA; 3) SEXUAL DISCRIMINATION, HARASSMENT AND RETALIATION UNDER 42 U.S.C. §1983, FOURTEENTH AMENDMENT EQUAL PROTECTION ; 4) VIOLATION OF CALIFORNIA WHISTLE BLOWER LAWS [GOVT. CODE §8547, et seq.]<br><br>JURY TRIAL DEMANDED |

Plaintiffs, BRENDA DAVIS, D.S.W. ("DR. DAVIS") and DAVID ROY, D.S.W. ("DR. ROY"), complain and allege as follows:

## JURISDICTION

1.  This Court has subject-matter jurisdiction over this federal question action under 28 U.S.C. §1331 and §1343 because it seeks, inter alia, damages

COMPLAINT                                                            1

1. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2000e-17, and 42 U.S.C. §1983 for violation of the Fourteenth Amendment Equal Protection Clause. This Court also has supplemental jurisdiction over plaintiffs' State Law Claims under 18 U.S.C. §1367(a).

2. Plaintiffs have exhausted their prefiling federal and state law remedies, by filing and serving complaints with the United States EEOC and California DFEH, and have received Notices of Right to Sue for these Title VII and FEHA claims; and by filing complaints with the California Department of Corrections and Rehabilitation ("CDCR"), the California State Auditor and California State Personnel Board ("SPD") for discrimination and whistle blower retaliation, which were accepted but not acted upon within the time allowed by law, and for discrimination and harassment with the CDCR and the SPD, which were not acted upon within the time allowed by law.

**VENUE**

3. This Court is a proper venue for this action under 28 U.S.C. §1391(b)(2) because the claims alleged herein arose in the County of Del Norte, California, within this District.

**THE PARTIES**

4. During all times relevant to this Complaint, DR. DAVIS and DR. ROY were and are United States citizens, residing in Smith River, California.

5. Defendant CDCR is an agency of the State of California with a facility, PELICAN BAY STATE PRISON ("PBSP"), located in Crescent City, County of Del Norte, California. During the relevant time period, all named plaintiffs and named defendants worked for the CDCR at PBSP.

6. Defendant DAVID MANDEL, Ph.D. ("DR. MANDEL") was, at all times relevant, the supervising psychologist at PBSP, the direct supervisor of plaintiffs DR. DAVIS and DR. ROY, and was a resident of Del Norte County.

7. Defendant DAVID ARCHAMBAULT, Ph.D. ("DR. ARCHAMBAULT")

COMPLAINT

2

1 was, at all times relevant, acting and/or Chief Psychologist at PBSP, the supervisor
2 of DR. MANDEL, and the Manager of both plaintiffs, DR. DAVIS and DR. ROY,
3 and was a resident of Del Norte County.

4       8. Defendant TIMOTHY McCARTHY, Ph.D. ("DR. McCARTHY") was,
5 at all times relevant, Chief of Mental Health Services at PBSP, the
6 supervisor/manager of both DR. ARCHAMBAULT and DR. MANDEL, and the
7 manager of both plaintiffs DR. ROY and DR. DAVIS, and was a resident of Del
8 Norte County.

9       9. Defendant JOANN VAN VALKENBURGH ("VAN VALKENBURGH")
10 was, at all times relevant, an employee of the CDCR at PBSP, and was a resident
11 of Del Norte County.

12       10.   Defendant MAUREEN MCLEAN ("MCLEAN"), was, at all times
13 relevant, the Health Care Manager for the CDCR at PBSP, and was the manager
14 and/or supervisor of all other named defendants, and was a resident of Del Norte
15 County.

16       11.   Upon information and belief, each of the individual defendants, at all
17 times relevant, were employees and/or agents of the State of California.

18       12. The true names and identities of Defendants DOES 1 through 100 are
19 presently unknown to plaintiffs. Plaintiffs allege, upon information and belief,
20 that each of the named defendants and/or defendants DOES 1-100 were employees
21 or agents or independent contractors and/or aiders and/or abettors in the activities
22 described herein of the named defendants during the time of this matter. Plaintiffs
23 allege upon information and belief that each named defendants and/or defendants
24 DOES 1-100, and each of them, knowingly, intentionally, willfully, negligently
25 and/or recklessly (1) acted in conspiracy or with the intent to injure plaintiffs as
26 alleged in this action; (2) failed to protect plaintiffs' rights under Title VII and the
27 FEHA; (3) violated plaintiffs' civil rights, and statutory rights, and/or common
28 law rights; (4) were willful, malicious, reckless and/or negligent and treated

COMPLAINT
3

plaintiffs in violation of their civil rights, statutory rights, and/or common law rights, as described herein, and, upon information and belief, may have caused injuries in a similar fashion, in violation of other the rights of other CDCR employees and agents at PBSP and the other CDCR facilities in California.

13. Plaintiffs further allege on information and belief that each of the named defendants and/or defendants DOES 1-100 were responsible for the training, supervision and/or conduct of DOES 1-100 and any other co defendants involved in this matter. Plaintiffs allege that the named defendants and/or DOES 1-100, and each of them, are accordingly responsible, in some manner, for the acts and injuries alleged herein.

14. Plaintiffs further allege on information and belief that each of the named defendants and/or defendant DOES 1-100 were and are knowingly, intentionally, willfully and/or recklessly responsible for the promulgation of policies and procedures utilized by the CDCR at PBSP, and/or the other individual defendants, pursuant to which the acts and injuries alleged herein occurred.

15. Plaintiffs will seek to amend this complaint as soon as the true names and identities of defendant DOES 1-100 have been ascertained.

16. Defendants, and DOES 1-100, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this complaint, at all times, engaged in such acts and/or omissions under color of state law, and within the scope of their duties and/or responsibilities as employees, and/or agents of the CDCR.

17. Plaintiffs are informed and believe and thereon allege, that at all times mentioned in this complaint, the named defendants and each of them, and DOES 1-100, were the agents, employees, servants, joint venturers, partners, and/or co-conspirators and/or aider and abettor in the events alleged herein of the other defendants named in this complaint and that at all times each of the defendants

was acting within the course and scope of said relationship with defendants.

## FACTS COMMON TO ALL CLAIMS

18. Plaintiff, DR. DAVIS, had worked for the CDCR at PBSP and other CDCR facilities, including High Desert State Prison ("HDSP") in Susanville, California, from July 2000 through January 2008, as a contractor, but in reality as a common law employee in the job category of a clinical case manager.

19. Plaintiff, DR. ROY, had worked for the CDCR at PBSP for more than five years, as a direct employee and at times as a contractor and/or a common law employee, in the job category of a clinical case manager.

20. During the period from approximately 2004 through the end of 2007, the CDCR and all individual named defendants developed, implemented, authorized and ratified an ongoing pattern, practice and policy of intentional gender discrimination against DR. DAVIS, injuring her in the terms and conditions of her employment, assignments, training, opportunities and promotional opportunities.

21. Between approximately February 2004 to September 27, 2007, defendant DR. MANDEL developed, implemented, authorized and ratified an ongoing intentional pattern, practice and policy of sexual harassment against DR. DAVIS and creation of a sexually hostile work environment, including verbal abuse and physical touching. During this period, these acts injured and re-injured DR. DAVIS and were objectively and subjectively offensive.

22. DR. MANDEL and the CDCR, and the other individual named defendants increased the intentional discrimination, harassment, and hostile work environment against DR. DAVIS in 2007. Complaints and reports of this illegal activity were made by DR. DAVIS to DR. MANDEL's manager, DR. McCARTHY, the CDCR, and potential DOE defendant, Margaret Sharp, who did nothing to correct, stop or discipline DR. MANDEL, even though they were fully informed of the illegal, intentional harassment and discrimination,

COMPLAINT
5

1 had known about it previously, and thus authorized and/or ratified DR.
2 MANDEL's acts and omissions.

3     23. Starting approximately June 2007 through September 2007, DR.
4 ROY complained to DR. MANDEL, DR. McCARTHY, the CDCR, and
5 potential DOE defendant, Margaret Sharp, of the illegal gender based
6 discrimination against DR. ROY's colleague, DR. DAVIS, with no effect or
7 corrective action taken by defendants.

8     24. On or about the period of 2007, through September and October
9 2007, DR. DAVIS and DR. ROY, separately, jointly and with other PBSP
10 psychology staff, repeatedly complained to the CDCR of violations of laws,
11 regulations, policies, procedures and/or professional standards, which had
12 injured, were continuing to injure and had significant potential for future
13 injuries to inmates at PBSP. These violations included, but are not limited to:

14     a. Ordering plaintiffs and others to perform fraudulent patient charting, a
15 felony, which they refused to do;

16     b. Abusing patient-inmates by not providing the appropriate level of
17 care;

18     c. Allowing unlicensed clinicians to practice at PBSP;

19     d. Blocking reports to the *Coleman* federal receiver;

20     e. Failing to treat agitated inmates;.

21     f. Interfering with proper patient-inmate care;

22     g. Using administrative segregation as a "dumping ground" for patient-
23 inmates with complex cases.

24     25. DR. DAVIS and DR. ROY addressed these complaints and reported
25 these violations to the CDCR and all individual named defendants, who had
26 knowingly, intentionally, willfully, recklessly and/or negligently authorized
27 these policies, acts, and omissions and who ratified these policies acts and
28 omissions, and who took no corrective action and allowed these abusive

COMPLAINT
6

1 actions, omissions, policies, and procedures to continue.

2     26. On or about September 27, 2007, DR. MANDEL violently and outrageously verbally harassed DR. DAVIS, which was witnessed by DR. ROY. Plaintiffs DR. DAVIS and DR. ROY filed a written complaint and charges against DR. MANDEL with DR. MCCARTHY and PBSP EEO, based on this incident on or about September 28, 2007, with a follow-up complaint submitted to the CDCR Office of Civil Rights on or about October 25, 2007.

8     27. On or about September 28, 2007, DR. DAVIS and DR. ROY applied for a promotion opportunity at PBSP. As an act of intentional discrimination against DR. DAVIS, and an act of intentional retaliation against both DR. DAVIS and DR. ROY, a lesser qualified person was chosen by DR. ARCHAMBAULT, who was aware of all of DR. MANDEL'S actions and the complaints against him, alleged above, and the complaints and reports of illegal activities alleged in paragraphs 24 and 25.

15     28. On or about October 2, 2007, DR. ARCHAMBAULT told DR. DAVIS that DR. ARCHAMBAULT and DR. MANDEL were close friends and that DR. DAVIS and DR. ROY would soon be fired.

18     29. On or about October 10, 2007 DR. DAVIS and DR. ROY were informed that the lesser qualified interviewee referred to in paragraph 27 was selected for the promotion.

21     30. On or about October 10 or 11, 2007, DR. DAVIS filed a complaint of retaliation with the CDCR's EEO unit at PBSP, regarding DR. ARCHAMBAULT's actions and the discriminatory/retaliatory promotional selection.

25     31. Between October and December 2007, DR. DAVIS and DR. ROY were further intentionally retaliated against by the CDCR and the individual named defendants and DOES 1-100 essentially cut off from communications with other PBSP health care staff.

COMPLAINT

7

32. On or about December 5, 2007, DR. DAVIS complained in writing to the State Personnel Board about these acts and omissions of discrimination, harassment and retaliation alleged above, by the CDCR and the individual named defendants.

33. On or about December 18, 2007, DR. DAVIS informed Terri Canada, Employee Relations Officer at PBSP, of the acts and omissions against DR. DAVIS and DR. ROY and the abuses of the prison inmates alleged above. Ms. Canada informed the PBSP Warden on or about December 19, 2007 of all of these issues. No action resulted from Ms. Canada or the Warden at that time to stop or correct the ongoing discrimination, harassment or retaliation.

34. On or about December 19, 2007, DR. DAVIS communicated these matters to defendant Health Care Manager MCLEAN, who did not respond to DR. DAVIS.

35. On or about December 20, 2007, DR. DAVIS reported these acts and omissions alleged above to the PBSP Ombudsman, Holly Adams.

36. On or about December 20, 2007, DR. McCARTHY told DR. DAVIS and DR. ROY they were both being terminated as of December 31, 2007. This was an intentional act of harassment and/or retaliation by all defendants against DR. DAVIS and DR. ROY, and each of them

37. On or about December 21, 2007, DR. DAVIS reported the retaliatory termination of herself and DR. ROY and the abuse of inmates to PBSP's EEO coordinator, Assistant Warden Matt Nimrod. DR. DAVIS also reported these matters directly to the PBSP Warden, prior to being terminated.

38. Prior to their termination on December 31, 2007, plaintiffs reported the illegal and/or intentional acts and omissions alleged above to at least one or more of the following CDCR supervisors and/or managers:

COMPLAINT

8

a. DR. DAVID MANDEL, Senior Psychologist Supervisor;

b. Dr. T. Ruggles, Chief of Psychology;

c. Dr. D. Bates, Senior Psychologist Supervisor;

d. Dr. S. Viet, Chief of Psychology;

e. Dr. R. Rushe, Senior Psychologist

f. Dr. C. Lake, Senior Psychologist Supervisor;

g. DR. TIMOTHY McCARTHY, Chief of Mental Health;

h. MAUREEN McLEAN;

I. DR. ARCHAMBAULT, Senior Psychologist, Chief of Psychology;

j. Margaret Sharp, OT MPIMS;

k. Matt Nimrod, EEO Associate Warden;

l. Mr. Horrel, Warden PBSP;

m. Margaret of ERO;

n. Terri Canada, ERO;

o. Mike Polk, Sgt. EEO Coordinator;

p. Bonita Sanchez, Office of Civil Rights CDCR;

q. Holly Adams, Ombudsman;

who took no action to stop the acts of discrimination, harassment and retaliation alleged above, or stop the terminations.

39. On or about October 25, 2007, and again on January 28, 2008, the PBSP Office of Civil Rights, Associate Warden M. Nimrod, and Warden Horrel acknowledged receipt of DR. DAVIS's complaints of intentional sexual discrimination, harassment and retaliation.

40. On or about December 21, 2007, the State Personnel Board ("SPB") acknowledged receipt of DR. DAVIS's appeal on her sexual discrimination and harassment complaints.

41. On or about December 27, 2007, DR. DAVIS submitted a written complaint on behalf of herself and DR. ROY about all of the matters alleged

COMPLAINT

9

above to the Bureau of State Audit.

42. On or about February 6, 2008, the CDCR Office of Civil Rights wrote to DR. DAVIS refusing her complaint of sexual discrimination and harassment, and retaliation, and referring her for further appeal to the SPB.

43. On February 12, 2008, DR. DAVIS appealed to the SPB the denial of the CDCR's Office of Civil Rights dated February 6, 2008.

44. On or about December 25, 2007, DR. DAVIS contacted the DFEH and completed a questionnaire for charges of continuing gender based discrimination, hostile work environment, harassment and retaliation for the period between 2003 and 2007.

45. On or about January 2007, DR. DAVIS completed a similar intake questionnaire for the EEOC for charges of continuing gender based discrimination, hostile work environment, harassment and retaliation for the period between 2003 and 2007.

46. On March 7, 2008, the SPB notified the CDCR of the SPB complaint by DR. DAVIS for sexual discrimination and also retaliation for discrimination and whistle blower against defendants CDCR, DR. MANDEL, DR. ARCHAMBAULT, DR. McCARTHY, Health Care Manager, McLEAN, and other potential DOE defendants, including Steven Viet, Ph.D.; Ted Ruggles, Ph.D., Regina Rushe, Ph.D., Claudia Lake, Ph.D., and Margaret Sharp.

47. The March 7, 2008 SPB notice consolidated DR. DAVIS' whistle blower retaliation complaint with her EEO discrimination and retaliation complaint, and set them for direct trial before an ALJ.

48. It is currently unknown if the SPB complaint consolidated the complaint to the State Auditor, filed December 27, 2007, or what, if any, action was taken by the State Auditor.

COMPLAINT
10

49. To date, no trial has been held by the SPB, or the State Auditor, long past the applicable statutory deadline, allowing plaintiff DR. DAVIS to proceed with these claims in court.

50. DR. DAVIS contacted the EEOC on or before December 28, 2007, and filed charges of sexual discrimination, harassment and retaliation against the CDCR with the EEOC on February 10, 2008, which was automatically cross-filed with the DFEH.

51. DR. DAVIS also filed a separate DFEH complaint on February 23, 2008, against the CDCR, DR. McCARTHY, and DR. MANDEL.

52. The DFEH issued DR. DAVIS a Notice of Right to Sue on April 20, 2008, against the DFEH, DR. McCARTHY and DR. MANDEL.

53. The EEOC issued DR. DAVIS a Notice of Right to Sue, which was mailed to DR. DAVIS on August 21, 2008, against the CDCR, PBSP.

54. DR. ROY filed a complaint with the EEOC for Title VII retaliation on or about September 27, 2007 and March 31, 2008, against the CDCR, DR. McCARTHY, DR., MANDEL, DR. ARCHAMBAULT, defendant McLEAN, defendant VALKENBURGH, as well as potential DOE defendant, Linda Perry.

55. The EEOC cross-filed DR. ROY's complaint with the DFEH.

56. The EEOC issued DR. ROY a Notice of Right to Sue against the CDCR and PBSP, which was received by DR. ROY on July 1, 2008.

57. The DFEH issued DR. ROY a Notice of Right to Sue on May 8, 2008, against the CDCR, DR. McCARTHY, MAUREEN McCLEAN and DR. ARCHAMBAULT.

58. Between on or about August 2007 and April 8, 2008, DR. ROY filed complaints with the SPD for whistle blower retaliation against the CDCR, DR. ARCHAMBAULT; DR. McCARTHY, defendant VAN VALKENBURGH and defendant McLEAN.

COMPLAINT
11

59. Upon information and belief, the CDCR and/or the SPD have failed to respond to DR. ROY's complaint in the time allowed by law, allowing him to file suit in Court.

### FIRST CLAIM - TITLE VII
### SEXUAL DISCRIMINATION, HARASSMENT AND RETALIATION BY DR. DAVIS AGAINST THE CDCR

60. Plaintiff DR. DAVIS realleges and incorporates paragraphs 1-59 above, against defendant CDCR, only.

61. By the intentional acts and omissions alleged above, the CDCR has violated Title VII by acts of intentional discrimination and harassment based on gender: female, and intentional retaliation.

62. The acts and omissions of the CDCR have been a legal cause of injury to DR. DAVIS, and have caused her general and special damages and wrongful termination.

Plaintiff prays for relief as set forth below.

### SECOND CLAIM - TITLE VII
### RETALIATION BY DR. ROY AGAINST CDCR

63. Plaintiff DR. ROY realleges and incorporates paragraphs 1-62 above against defendant CDCR only.

64. By the acts and omissions alleged above, the CDCR has violated Title VII by acts of intentional retaliation.

65. The acts and omissions of the CDCR have been a legal cause of injury to DR. ROY, and have caused him general and special damages, and wrongful termination.

Plaintiff prays for relief as set forth below.

### THIRD CLAIM - FEHA
### SEXUAL HARASSMENT BY DR. DAVIS AGAINST ALL NAMED INDIVIDUAL DEFENDANTS AND DOES 1-100

COMPLAINT

12

66. Plaintiff DR. DAVIS realleges and incorporates paragraphs 1-62 against all individual named defendants and Does 1-100 only, but not against defendant STATE OF CALIFORNIA/CDCR.

67. By the acts and omissions alleged above, all named individual defendants and DOES 1-100 have violated FEHA by acts of intentional sexual discrimination and harassment against DR. DAVIS.

68. The acts and omissions of the all named individual defendants and Does 1-100 have been a legal cause of injury to DR. DAVIS, and have caused her general and special damages, and wrongful termination. Further, defendants' acts and omissions were malicious, intentional, willful and/or reckless, entitling plaintiff to an award of punitive damages against each defendant.

Plaintiff prays for relief as set forth below.

## FOURTH CLAIM - FEHA RETALIATION BY BOTH PLAINTIFFS, DR. DAVIS AND DR. ROY AGAINST ALL NAMED INDIVIDUAL DEFENDANTS AND DOES 1-100

69. Plaintiffs DR. DAVIS and DR. ROY reallege paragraphs 1-68 against all named individual defendants and DOES 1-100 only, but not against the STATE OF CALIFORNIA/CDCR.

70. By the acts and omissions alleged above, all named individual defendants and Does 1-100 have violated FEHA by acts of intentional retaliation against both DR. DAVIS and DR. ROY.

71. The acts and omissions of all named individual defendants and DOES 1-100 have been a legal cause of injury to both DR. DAVIS and DR. ROY, and have caused them general and special damages, and wrongful termination. Further, defendants' acts and omissions were malicious, intentional, willful and/or reckless, entitling both plaintiffs to an award of punitive damages against each individual defendant.

Plaintiffs pray for relief as set forth below.

COMPLAINT

13

### FIFTH CLAIM
### VIOLATION OF 42 U.S.C. §1983
### DISCRIMINATION AND HARASSMENT
### BASED UPON SEX, IN VIOLATION OF
### FOURTEENTH AMENDMENT EQUAL PROTECTION
### BY DR. DAVIS AGAINST ALL NAMED
### INDIVIDUAL DEFENDANTS AND DOES 1-100

72. Plaintiff DR. DAVIS realleges and incorporates paragraphs 1-62 and 66-68 above, against all individual named defendants and DOES 1-100, and not defendant STATE OF CALIFORNIA/CDCR.

73. Defendants have directly and intentionally violated DR. DAVIS' constitutional rights of equal protection under the Fourteenth Amendment by the acts and omissions of sex based discrimination and harassment alleged above, and/or have aided and abetted or conspired in such acts and omissions, in violation of 42 U.S.C. §1983.

74. Defendant supervisors ARCHAMBAULT, MCCARTHY; MCLEAN, and one or more of DOES 1-100 are further liable for violation of §1983 for their authorization, ratification, failure to prevent and other supervisory duties which were a legal cause of injury to DR. DAVIS and her rights under the Fourteenth Amendment.

75. The acts and omissions of these defendants have been a legal cause of injury to DR. DAVIS, and have caused her general and special damages and wrongful termination. Further, defendants' acts and omissions were malicious, intentional, willful and/or reckless, entitling plaintiff to an award of punitive damages against each defendant.

Wherefore, DR. DAVIS prays for relief as set forth below.

### SIXTH CLAIM
### VIOLATION OF 42 U.S.C. §1983
### RETALIATION AGAINST PROTESTS AND OPPOSITION
### OF GENDER BASED DISCRIMINATION AND HARASSMENT
### IN VIOLATION OF FOURTEENTH AMENDMENT EQUAL
### PROTECTION BY DR. DAVIS AND DR. ROY AGAINST
### ALL NAMED INDIVIDUAL DEFENDANTS AND DOES 1-100

COMPLAINT

14

76. Plaintiffs DR. DAVIS AND DR. ROY reallege and incorporate paragraphs 1-75 against the named individual defendants and DOES 1-100, and not defendant STATE OF CALIFORNIA/CDCR.

77. Defendants' acts and omissions of retaliation are intentional violations of 42 U.S.C. §1983 and the Equal Protection clause of the Fourteenth Amendment.

78. Defendants' acts and omissions are a legal cause of injury to both plaintiffs, and have caused them general damages, and wrongful termination. Further, defendants' acts and omissions were malicious, intentional, willful and/or reckless, entitling plaintiffs to an award of punitive damages against each defendant.

Wherefore, plaintiffs DR. DAVIS and DR. ROY pray for relief as set forth below.

## SEVENTH CLAIM
## STATE LAW WHISTLE BLOWER RETALIATION GOVT. CODE §8547, ET SEQ.
## BY PLAINTIFFS DR. DAVIS AND DR. ROY AGAINST ALL NAMED INDIVIDUAL DEFENDANTS AND DOES 1-100

79. Plaintiffs DR. DAVIS and DR. ROY, employees as defined under Govt. Code §8547.2, who have made protected disclosures, reported improper governmental activity and refused to perform illegal orders, as defined in govt. Code §8547.2(b), (d) and (e), reallege paragraphs 1-71 against all individual named defendants and DOES 1-100, only, but not against defendant STATE OF CALIFORNIA/CDCR.

80. By the acts and omissions alleged above, all named individual defendants and DOES 1-100 have violated State law whistle blower retaliation by acts in violation of Govt. Code §8547.3 against both DR. DAVIS and DR. ROY.

COMPLAINT
15

81. Plaintiffs have satisfied the requirements of Govt. Code §8547.8(c), and the SPB has failed to issue findings pursuant to Govt. Code §19572

82. The acts and omissions of the all named individual defendants and Does 1-100 have been a legal cause of injury to both DR. DAVIS and DR. ROY, and have caused them injury, and general and special damages, and wrongful termination. Further, defendants' acts and omissions were malicious, intentional, willful and/or reckless, entitling plaintiff to an award of punitive damages against each defendant.

Plaintiffs pray for relief as set forth below.

## PRAYER

Plaintiffs pray for Judgment in their favor against defendants and DOES 1-100 as follows:

1. For compensatory, general and special damages against each defendant, in the amount proven at trial, in excess of $1,000,000.00;
2. For punitive and exemplary damages against each individual defendant, and DOES 1-100 but not the STATE OF CALIFORNIA/CDCR or any other governmental agency, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;
3. For costs and reasonable attorneys' fees as provided by law;
4. For all relief available under Title VII, FEHA, and Govt. Code §8547.8(c), including but not limited to, reinstatement and/or front pay, interest on the back pay, litigation costs and attorneys' fees.
5. For any other relief as may be just and proper, including injunctive and/or declaratory relief.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

COMPLAINT

16

| | | |
|---|---|---|
| 1 | Respectfully submitted, | ABRAHAM N. GOLDMAN & ASSOCIATES, LTD. |
| 2 | | |
| 3 | Dated: September 24, 2008 | |
| 4 | | _____ |
| 5 | | Abraham N. Goldman, Attorney for Plaintiffs<br>David Springfield, Attorney for Plaintiffs<br>BRENDA DAVIS and DAVID ROY |

COMPLAINT

17