1

2                          UNITED STATES DISTRICT COURT

3                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                  OAKLAND DIVISION

5

6    DAVIS, et al.,                          Case No:  C 08-04481  SBA

7                 Plaintiffs,

8         vs.                                **ORDER DENYING EX PARTE**
                                             **APPLICATION TO VACATE TRIAL**
                                             **DATE**
9    CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION, et      [Docket 96]
10   al.,

11               Defendants.

12

13        Plaintiffs filed this employment discrimination and retaliation action on September 24,

14   2008.  On December 18, 2009, the Court issued an order staying this action pending the

15   resolution of the ongoing companion State Personnel Board proceedings related to Plaintiffs'

16   whistleblower claim (Plaintiffs' Seventh Cause of Action).  Dkt. 67.  That order vacated the

17   deadlines set forth in the Court's January 26, 2009 Order for Pretrial Preparation; however, the

18   order indicated that fact discovery was to remain open and set a new fact discovery cut-off date

19   of May 3, 2010.  Id.

20        A further Case Management Conference was held in this matter on July 15, 2010.  On

21   July 16, 2010, the Court issued an Order for Pretrial Preparation, setting forth a December 6,

22   2010 trial date and related deadlines.  Dkt. 84.  On September 7, 2010, Defendants filed a

23   Motion for Summary Judgment, or in the Alternative, Summary Adjudication.  That motion is

24   scheduled for hearing on October 12, 2010.

25        Also on September 7, 2010, Defendants filed the instant Ex Parte Application to Vacate

26   Trial Date, requesting that the Court vacate the trial date and all pre-trial deadlines pending the

27   resolution of Defendants' Motion for Summary Judgment and the underlying State Personnel

28   Board proceedings.  Dkt. 96.  In their reply brief supporting their application, Defendants

indicate that the State Personnel Board has continued, <u>at Defendants' request</u>, the October 18-22, 2010 hearing on Plaintiffs' whistleblower claims to March 7-11, 2011.[1]  Dkt. 109 at 2. Plaintiffs have field a non-opposition to Defendants request to stay this action.  Dkt. 99.

A district court possesses the inherent power to control its docket and promote efficient use of judicial resources.  <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") and <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.")).

Here, the Court notes that this action has been pending since September 24, 2008. Plaintiffs have brought several causes of action independent of their whistleblower claim. Moreover, Defendants have contributed to the delay in the underlying administrative hearing by requesting that it be continued to March 2011.  In view of these factors, the efficient use of judicial and the parties' resources counsels against staying this action.  Accordingly,

IT IS HEREBY ORDERED that Defendants' Ex Parte Application to Vacate Trial Date is DENIED.  This order terminates Docket 96.

IT IS SO ORDERED.

Dated: September 28, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Plaintiffs indicate that they stipulated "in good faith" to move the hearing date to March 2011.