1

2

3

4        UNITED STATES DISTRICT COURT

5      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6            OAKLAND DIVISION

7

8   BRENDA DAVIS and DAVID ROY,          Case No: C 08-4481 SBA

9            Plaintiffs,              **ORDER DENYING MOTION
                                      TO REOPEN DISCOVERY
10        vs.                          FOR LIMITED PURPOSE**

11  CALIFORNIA DEPARTMENT OF           Docket 183
    CORRECTIONS AND REHABILITATION,
12  et al.,

13           Defendants.

14

15        Plaintiffs Brenda Davis ("Davis") and David Roy ("Roy") (collectively, "Plaintiffs")

16  bring claims against Defendants California Department of Corrections and Rehabilitation

17  ("CDCR"), David Mandel ("Mandel"), and Timothy McCarthy ("McCarthy") (collectively,

18  "Defendants") for, among other things, gender discrimination, sexual harassment, and

19  retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. On

20  November 24, 2010, the Court issued an order granting summary judgment in favor of

21  Defendants as to Plaintiffs' first, second, third, fourth, and fifth claims. Dkt. 165. The

22  Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law

23  claim, and dismissed that claim without prejudice. Id. On June 6, 2012, the Ninth Circuit

24  issued an order reversing the Court's grant of summary judgment and remanded the case for

25  further proceedings. Dkt. 175. The Ninth Circuit held that the record presented several

26  contested factual issues that, if resolved in the Plaintiffs' favor, would allow both Roy and

27  Davis to succeed on their retaliation claims, and Davis to succeed on each of her other

28  claims. Id.

The parties are presently before the Court on Plaintiffs' motion to reopen discovery for limited purpose.  Dkt. 183.  Defendants oppose the motion.  Dkt. 186.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiffs' motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   **DISCUSSION**

Plaintiffs move to reopen discovery for the purpose of deposing McCarthy, Mandel, Steven Veit ("Veit"), and David Archambault ("Archambault").  Pls.' Mtn. at 2.  Plaintiffs assert that taking the deposition of these individuals is critical to their case because Mandel was the primary discriminatory actor and subjected Davis to an ongoing course of sexual harassment, McCarthy retaliated against Davis when she took her reports of Mandel's harassment outside his immediate chain of command, Archambault is aware of numerous communications that demonstrate the discriminatory and retaliatory intention of both Mandel and McCarthy, and Veit knew that Davis was "critical in defendant's ability to meet the inmate care mandate imposed by the Plata Receiver."  Id.  Plaintiffs contend that the Court may reopen discovery for good cause under Rule 16(b) or under Rule 6(b)(B) based on excusable neglect.

### A.   Rule 16

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery" and "file motions."  Once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted).

In assessing whether there is "good cause" under Rule 16(b), the court "primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  A

pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  But, if the party seeking the modification of the scheduling order "was not diligent, the inquiry should end."  Id.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.

The Court finds that Plaintiffs have failed to demonstrate good cause to reopen discovery under Rule 16.  Discovery in this matter closed on May 3, 2010.  Dkt. 69.  Plaintiffs, however, did not file the instant motion to reopen discovery until November 6, 2012.  Dkt. 183.  Plaintiffs do not argue that they have acted diligently in seeking to modify the pretrial scheduling order.  Indeed, Plaintiffs do not offer any authority or legal analysis in support of their contention that reopening discovery under Rule 16 is appropriate.  Accordingly, because it is clear from the record that Plaintiffs have not acted diligently in seeking to modify the Court's pretrial scheduling order, Plaintiffs' request to reopen discovery under Rule 16 is DENIED.

**B.    Rule 6**

Federal Rule of Civil Procedure 6(b)(B) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  See also Lujan v. National Wildlife Federation, 497 U.S. 871, 896 (1990).  To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010); Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000).

Plaintiffs contend that they failed to depose McCarthy, Mandel, Veit, and Archambault prior to the May 3, 2010 discovery deadline because one of their attorneys,

1   Abraham Goldman ("Goldman"),[1] was suffering from serious health complications during

2   the discovery period arising out of cochlear implant surgery undertaken to correct his

3   deafness.[2]  Pls.' Mtn. at 2-3.  According to Plaintiffs, Goldman's "failure to complete the

4   depositions is excusable because he was unable to conduct them within the original

5   discovery deadline[] solely as the result of his physical illness and through no fault of his

6   own."  Id. at 4.  In addition, Plaintiffs argue that a finding of excusable neglect is

7   appropriate because: (1) "the requested depositions are critical to plaintiffs' case and there

8   will be no prejudice to defendants in allowing them"; (2) "[t]he length of delay was

9   unavoidable as it was the result of plaintiff's counsel's physical illness and an intervening

10  appeal," and "such delay will not adversely impact the proceedings as the case is on remand

11  and subject to a new trial schedule"; and (3) they "have at all times acted in good faith; the

12  failure to complete these depositions was entirely out of their control."  Id. at 3-4.

13          The first two factors, prejudice to the non-moving party (i.e., Defendants) and the

14  length of the delay and its potential impact on the proceedings, weigh against a finding of

15  excusable neglect.  The discovery deadline expired approximately two and a half years

16  before the instant motion was filed.  The parties filed their pretrial documents in the fall of

17  2010.  Had the Court denied Defendants' motion for summary judgment, trial in this case

18  would have commenced on December 6, 2010.  Given that this case is ready to proceed to

19  trial, the Court finds that reopening discovery at this juncture will prejudice Defendants.

20  Reopening discovery will substantially delay the resolution of this case and will increase

21  the likelihood that key witnesses may become unavailable or that their memories of the

22  events at issue in this action will fade.

23  _____

24      [1] Goldman died while this case was on appeal.  Pls.' Mtn. at 2.  Plaintiffs retained
    new counsel following the death of Goldman.  Id.  Plaintiffs are also currently represented
25  by Goldman's former co-counsel David Springfield ("Springfield").  It is undisputed that
    Springfield has represented Plaintiffs from the commencement of this action.

26      [2] Plaintiffs do not specify the date that Goldman underwent cochlear implant
    surgery.  According to Springfield, Goldman suffered from "severe and debilitating
27  headaches and excruciating pain caused by the infections in his ear and his surgeries," and
    that these "complications" made it impossible for him to depose McCarthy, Mandel, Veit,
28  and Archambault.  Springfield Decl. ¶¶ 2-3, Dkt. 183-3.

1    The third factor, the reason for the delay and whether it was within the reasonable

2    control of Plaintiffs, also weighs against a finding of excusable neglect.  Plaintiffs argue

3    that Goldman's physical illness is the reason for the delay.  Pls.' Mtn. at 2-3.  According to

4    Plaintiffs, they were unable to take the depositions of McCarthy, Mandel, Veit, and

5    Archambault prior to the discovery deadline due to Goldman's "serious health issues."  Id.

6    at 2-3.  However, the evidence in the record contradicts Plaintiffs statement.  The evidence

7    submitted by Defendants shows that Plaintiffs' counsel made a deliberate decision "not [to]

8    take depositions to keep costs as reasonable as possible."  See Lowhurst Decl., Exh. A (e-

9    mail from Goldman to defense counsel dated May 20, 2010).

10   In their reply, Plaintiffs concede that their counsel made a conscious choice not to

11   take any depositions before the discovery deadline.  See Pls.' Reply at 2.  Plaintiffs admit

12   that "cost containment" was the reason for limiting discovery prior to the discovery

13   deadline.  Pls.' Reply at 2.[3]  However, they argue for the first time that "Goldman's physical

14   condition made it impossible for him to timely seek leave to complete the[ ] depositions"

15   after the discovery deadline had passed.  Id. at 2-3.  The Court rejects this argument.  First,

16   the Court may disregard this argument because it was raised for the first time in Plaintiffs'

17   reply brief.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007); Dream Games of

18   Ariz., Inc. v. PC Onsite, 561 F.3d 983, 995 (9th Cir. 2009) (arguments that are "not

19   specifically and distinctly argued in [the] opening brief" are waived).  Second, this

20   argument lacks merit.  The salient inquiry is whether Plaintiffs failed to act (i.e., complete

21   discovery) prior to the discovery deadline due to excusable neglect, not whether they failed

22   to act (i.e., file a motion to reopen discovery) after the deadline due to excusable neglect.

23   See In re Four Seasons Securities Laws Litigation, 493 F.2d 1288, 1290 (10th Cir. 1974)

24   (excusable neglect requires, among other things, "a reasonable basis for not complying

25

26       [3] Defendants assert that they "did not in any way obstruct Plaintiffs' attempts to
     conduct discovery;" rather, they reasonably "accommodated Plaintiffs' numerous requests
27   for extensions."  Defs.' Opp. at 5-6.  According to Defendants, "Plaintiffs' counsel silently
     allowed the discovery cut-off date to expire without taking any depositions or propounding
28   any proper discovery requests."  Id. at 5.  Plaintiffs do not dispute these assertions.

within the specified period"); <u>Putnam v. Morris</u>, 833 F.2d 903, 905 (10th Cir. 1987) (same). While Plaintiffs' counsel's deliberate failure to take depositions within the discovery period may give rise to a claim of malpractice, it does not constitute excusable neglect for purposes of failure to meet a deadline. <u>See</u> <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097, 1101 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.").

Moreover, even assuming that the reason for Plaintiffs' counsel's failure to act after the discovery deadline is relevant to whether discovery should be reopened, Plaintiffs have not shown excusable neglect. While it is undisputed that Goldman anticipated filing a motion to reopen discovery before trial,[4] he failed to do so. Further, while Defendants do not dispute that Goldman suffered from health issues relating to his cochlear implants,[5] a review of the record reveals that Goldman's health did not prevent him from performing litigation tasks in the approximately seven months from the discovery deadline to the entry of summary judgment, including filing a lengthy opposition to Defendants' motion for summary judgment, participating in a settlement conference, and filing pretrial documents. <u>See</u> <u>e.g.</u>, Dkt. 126, 139, 150-151, 153, 156, 158, 161-163.

Given Goldman's participation in this litigation following the discovery deadline and the lack of medical evidence substantiating the extent of his health issues, the Court is not persuaded that Goldman's health prevented him from moving to reopen discovery after the discovery deadline. <u>See</u> <u>Dobard v. United States District Court for Northern California</u>, 1994 WL 615719, at *2 (9th Cir. 1994.) (Unpub. Disp.) (district court did not abuse its

---

[4] <u>See</u> Dkt. 73 (Joint Case Management Conference Statement, filed May 24, 2010).

[5] Plaintiffs did not submit any medical evidence in connection with the instant motion that substantiates their claims regarding the extent of Goldman's medical issues related to his cochlear implants.

se4:08-cv-04481-SBA   Document192   Filed03/25/13   Page7 of 8

discretion in finding no excusable neglect where the deadline was one week prior to the party's alleged illness, the party failed to substantiate his illness and was "well enough to file two lengthy motions").  Plaintiffs have not provided an explanation reconciling their claim that Goldman was unable to file a motion to reopen discovery with the fact that Goldman performed numerous litigation tasks after the discovery deadline.  Nor have Plaintiffs explained why Goldman could not have delegated the filing of a motion to reopen discovery to his co-counsel Springfield.  See Islamic Republic of Iran v. Boeing Co., 739 F.2d 464, 465 (9th Cir. 1984) (under "excusable neglect" standard of Fed.R.App.P. 4(a)(5), the illness of counsel "may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.").

The fourth factor, whether the movant acted in good faith, does not weigh in favor of finding excusable neglect.  Plaintiffs have not demonstrated that this factor supports a finding of excusable neglect.  As noted above, Plaintiffs' counsel made a deliberate decision not to take depositions within the discovery period "to keep costs as reasonable as possible."  Lowhurst Decl., Exh. A.  The failure to meet the discovery deadline was not based on inadvertence, miscalculation, or negligence.  Instead, Plaintiffs' counsel made a deliberate strategic decision to proceed to trial without taking any depositions.  See Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (Berzon, J., concurring) (noting that "the lawyer did within the appeal deadline period make an effort, although an exceedingly poor one, to ascertain the appeal deadline; he did not ignore the issue entirely," and that "the existence of some effort to meet appeal deadlines is not simply evidence of good faith.  The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence.").

In sum, the Court concludes that the relevant factors weigh against a finding of excusable neglect.  Accordingly, because Plaintiffs have not shown excusable neglect, their motion to reopen discovery for limited purpose is DENIED.

**II.**     **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Plaintiffs' motion to reopen discovery for limited purpose is DENIED.

2.     A Case Management Conference is scheduled for **April 11, 2013 at 2:45 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement. Plaintiffs are responsible for filing the joint statement no less than seven (7) days prior to the conference date. The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Plaintiffs are responsible for setting up the conference call, and on the specified date and time, shall call (510) 637-3559 with all parties on the line.

3.     This Order terminates Docket 183.

IT IS SO ORDERED.

Dated: 3/25/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge